40 355
124a 70
40h 355
50ad126

SARAH ELIZABETH GRIFFIN, RESPONDENT, *v.* CHARLES D. SHEPARD AND HENRY G. CORNELL, APPELLANTS.

*Expectant estate — when it may be conveyed by deed.*

A testator devised to his son Joseph an equal undivided third of all his real and personal estate, and to his son John C. another undivided one-third. The remaining third he devised to John C., in case he survived his wife or had a child which reached the age of twenty-one years; if not, then this remaining third was devised to his son Joseph.

*Held,* that Joseph had an expectant estate, in the undivided one-third devised to John in case he survived his wife or had a child which reached the age of twenty one years, which Joseph could release and convey by deed.

APPEAL from a judgment in favor of the plaintiff, entered at the Westchester Circuit upon the trial of this action by the court without a jury.

This action was brought for the recovery of a one undivided half interest in a farm of forty acres, more or less, situate in the town of Scarsdale, in the county of Westchester. The plaintiff claims said interest under the provisions of the will of Stephen Griffin, who died in the year 1847. He devised his real estate to his sons as follows: " I give, devise and bequeath unto my son Joseph Griffin one-third of all my estate, real and personal, to hold to him, the said Joseph Griffin, his heirs and assigns, forever. Provided, my son John C. Griffin shall survive his present wife Deborah L. Griffin, then, in that case, I give, devise and bequeath unto my said son John C. Griffin the remaining two-thirds of all

my estate, real and personal, to hold to him, the said John C. Griffin, his heirs and assigns, forever; or, provided that if my said son John C. Griffin shall have a lawful child by his, the said John C. Griffin's lawful wife, and the said child shall live to the age of twenty-one years, then, in that case, I give, devise and bequeath unto my said son John C. Griffin the said two-thirds of all my estate, real and personal, to hold to him, the said John C. Griffin, his heirs and assigns, forever. But, provided that if my said son John C. Griffin shall die, leaving his present wife Deborah L. Griffin a survivor, then, in that case, I give, devise and bequeath unto my said son John C. Griffin one-third only of all of my estate, real and personal, to hold to him, the said John C. Griffin, his heirs and assigns, forever; and the remaining one-third of all of my estate, real and personal, I give, devise and bequeath unto my aforesaid son Joseph Griffin, his heirs and assigns, forever."

On the 6th day of February, 1851, Joseph Griffin and Harriet, his wife, and John C. Griffin and Deborah L., his wife, executed to each other, for the nominal consideration of one dollar, quit-claim deeds of the respective parcels of said farm occupied by each of them, the deed from Joseph Griffin to John C. Griffin, purporting to convey about thirty-seven acres, being the property in dispute.

On the 15th day of September, 1864, John C. Griffin procured from Joseph Griffin a declaratory or confirmatory deed for the consideration of one dollar, whereby the said Joseph Griffin bargained, sold and quit-claimed to the said John C. Griffin, and to his heirs and assigns, forever, all of his right, title, interest, estate, claim and demand, both at law and in equity, and as well in possession as in expectancy of, in and to all that parcel of land which had theretofore been quit-claimed by him to said John C. Griffin, a part of which was given under his hand and seal February 6, 1857.

The plaintiff claimed title under a conveyance from Richard H. W. Griffin, the son and only heir-at-law of Joseph, and the defendants claimed under John C. Griffin. John C. Griffin died December 4, 1873, leaving him surviving his widow Deborah L. Griffin. He left no child who survived to the age of twenty-one years.

*Sidney Ward*, for the appellants.

*Elisha Horton*, for the respondent.

Barnard, P. J. :

The title to the premises in question by the will of Stephen Griffin, deceased, was as follows : Joseph Griffin, a son, took an equal undivided third absolutely. John C. Griffin took another third absolutely. The remaining third went to John C. Griffin, if he survived his wife Deborah L. Griffin, or if John C. Griffin had a child which reached twenty-one years of age. If not, this remaining third went to Joseph Griffin.

John did not survive his wife and did not have a child which became of age. Each of two children had a third and one of them would get the other third upon the happening of a contingency in the future ; John C. Griffin, until the happening of the contingency, was vested with the possession of the third, depending upon the contingency until it should go absolutely to one or the other of the brothers, as ascertained by the event. The question is whether the interest of Joseph Griffin could be released in this third part of the estate depending upon the condition named. By our statute expectant estates are descendable, devisable and alienable in the same manner as estates in possession. (1 R. S., 725, § 35.) Such estates are defined to be estates commencing at a future day and reversionary. (1 R. S., 718, § 9.) Did Joseph Griffin have an expectant estate in the land ? The question as to remainders, whether vested or not, has been the subject of much discussion from early times. There seem to be no words which can, in the way of description, meet all or even a considerable portion of the cases discussed and decided in the reports. The tendency has been to vest an estate when it was fairly to be done. Our statute was an advance and the cases of *Moore* v. *Littel* (41 N. Y., 66) and *Miller* v. *Emans* (19 id., 384) seem to be adjudications under it that sustains the right of Joseph Griffin to convey his interest in the expectant estate.

In *Miller* v. *Emans* there was a devise in equal shares with a provision that if one of the devisees died without children the survivor, should take the share equally. In the case of *Moore* v. *Littel* lands were deeded to John Jackson for life, and after his death to his heirs and their assigns forever. In both these cases the Court of Appeals held that the estate in expectancy and subsequent to the life estate was assignable. It could not be supported, by any case, that Joseph Griffin's children would not inherit this interest, in the

absence of a will, if Joseph Griffin had died before the contingency happened which gave him the land. Such an heir would take by the will of the deceased Stephen Griffin. The case is not one where Joseph Griffin is divested by his death. The estate goes as the will directs at the happening of the contingency, and whether the children are alive or dead. Both contingency and persons who are to take upon the event are certain, and the only uncertainty is whether John C. Griffin shall outlive his wife or not, without leaving by her a child of the age of twenty-one years. My conclusion is, therefore, that the deed from Joseph Griffin was good and operative and conveyed the title dependent upon the condition.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed, and new trial granted, costs to abide event.